UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PEDRO CARRERA-CHAVEZ                                             PETITIONER


VERSUS                                      CIVIL ACTION NO. 3:24-CV-257-TSL-RPM


WARDEN UNKNOWN CHILDRESS                                         RESPONDENT


**REPORT AND RECOMMENDATION**

Before the Court is Petitioner Pedro Carrera-Chavez's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. [1]. He later amended his petition. [7] [10]. At the time he filed the petition, Petitioner was incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, where he is serving a sentence following conviction in the United States District Court of Nebraska for conspiracy to distribute methamphetamine and conducting financial transactions involving proceeds of unlawful activity. The district court sentenced him to a 120-month prison term with a 5-year term of supervised release.

Petitioner asserts that the Bureau of Prisons (BOP) has denied him First Step Act (FSA) time credits. Based on his alleged entitlement to FSA time credits, he asks that the credits be restored to reduce his sentence. He further requests transfer to an ICE facility after release from BOP custody to facilitate his deportation.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). "[A] federal prisoner filing a § 2241 petition must first pursue all available

administrative remedies." *Ibid.* But "[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of actions." *Ibid.* (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). Petitioner bears the burden of demonstrating the futility of administrative review. *Fuller* 11 F.3d at 62.

At the outset, the Court briefly addresses the exhaustion requirement. It is well settled in this circuit that a § 2241 petitioner "must first exhaust his administrative remedies through the Bureau of Prisons" prior to filing his petition. *Rourke v. Thompson*, 11 F.3d 47,49 (5th Cir. 1993). Accordingly, an inmate must pursue all available avenues of relief and follow all deadlines and procedural rules. *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008). Moreover, an inmate cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).

The BOP has a multiple-step process for resolving inmate complaints. *See Guitierrez-Rios v. Childress*, No. 3:25-CV-277-CWR-ASH, 2025 WL 4666220, at *1-2 (S.D. Miss. Sept. 22, 2025). According to the Declaration submitted by Respondent, Petitioner failed to file any administrative remedies. [16-1]. In fact, Petitioner appears to acknowledge in one pleading that he has not filed an administrative remedy. [10] at 3. He contends that the available administrative remedy process is futile because of the anti-immigrant atmosphere in the United States and at the prison. *Ibid.* Other than this conclusory assertion, Petitioner fails to demonstrate that he attempted to avail himself of the administrative process or that the process is otherwise futile. *See Garcia v. Peters*, No. A-23-CV-1361-RP-ML, 2024 WL 3490294, at *1

2

(W.D. Tex. June 4, 2024).

Nevertheless, the instant petition can be easily resolved on the merits.  Under the FSA, the BOP is authorized "to grant time credits to eligible inmates."  *Alao v. Warden, FMC Fort Worth*, No. 4:25-CV-1023-P, 2026 WL 35837, at *1 (N.D. Tex. Jan. 6, 2026) (citing 18 U.S.C. § 3624(g)).  "Calculation of time credits lies within the discretion of the BOP."  *Id.* (citing 18 U.S.C. § 3624(b)).  However, "[c]ertain convictions disqualify inmates from earning FSA time credits."  *Id.* (citing 18 U.S.C. § 3632(d)(4)(D)).  For example, "an inmate who is the subject of a final order of removal under any provision of the immigration laws is ineligible to apply time credits."  *Id.* (citing 18 U.S.C. § 3632(d)(4)(E)(i); 28 C.F.R. § 523.44(a)(2)); *see Ortega v. Warden, FCI-Texarkana*, No. 5:23-CV-107-RWS-JBB, 2025 WL 3618826, at *3 (E.D. Tex. Sept. 9, 2025); *Zuluaga v. Warden, FCI-Texarkana*, No. 5:23-CV-128-RWS-JBB, 2025 WL 2632550, at *4 (E.D. Tex. July 11, 2025).  As demonstrated by Respondent, Petitioner is subject to a final order of removal entered on October 15, 2015, which was later reinstated on May 12, 2025.  [16-1] [16-4] [16-5].  Because Petitioner has a final order of removal against him, he is not eligible for FSA time credits.  *See Gutierrez-Ross*, 2025 WL 4666220, at *2 (finding that reinstated order of removal rendered petitioner statutorily ineligible to apply FSA time credits).  Therefore, his petition should be dismissed.

## RECOMMENDATION

The undersigned recommends that Petitioner Pedro Carrera-Chavez's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DENIED and DISMISSED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 13th day of May 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE